██ Town of Broadalbin, Plaintiff, and David Cook, Appellant, v Carl Van Curen, Respondent. [893 NYS2d 718]—

Malone Jr., J. Appeal from an order of the County Court of Fulton County (Giardino, J.), entered September 26, 2008, which affirmed a judgment of the Justice Court of the Town of Broadalbin in favor of defendant.

Upon the complaint of plaintiff David Cook (hereinafter plaintiff), defendant was cited with a violation of Town of Broadalbin Code § 163-13 (C) (3) by maintaining more than one mobile home on his property. After a nonjury trial, the Justice Court of the Town of Broadalbin ruled in favor of defendant. Upon appeal to County Court, plaintiff was granted permission to intervene. County Court then upheld the decision of the Justice Court and plaintiff now appeals.

The record establishes that at the time that Town of Broadalbin Code § 163-13 was enacted in April 1993, defendant had maintained two mobile homes on his property for approximately seven years. Town of Broadalbin Code § 163-13 (D) (1) specifically provides that mobile homes "lawfully in existence prior to the enactment" of the provisions at issue may continue to be used as residences provided that they are compliant with certain code provisions regarding, among other things, safety and aesthetics. Defendant's uncontradicted testimony at the trial established that his mobile homes were code compliant and that he had never been cited with a violation. Further, Town of Broadalbin Code § 163-13 (D) (2) authorizes the replacement or improvement of preexisting mobile homes provided that the owner seeks and obtains a building permit. The evidence here confirms that when defendant replaced one of the mobile homes in 1998, he applied for and was granted a building permit. Plaintiff's allegation that defendant knowingly falsified that building permit application is not supported by the record, as it is not controverted that, at the time defendant completed his application, he truthfully answered that only one mobile home was located on the property.* Based upon the foregoing, it cannot be said that County Court improperly upheld Justice Court's determination.

---

* Apparently, several days before completing the permit application, defendant had removed one mobile home in anticipation of replacing it.

Finally, plaintiff's claim that defendant is unlawfully operating a mobile home park without a license in violation of Town of Broadalbin Code § 163-4 is raised for the first time on appeal to this Court and, consequently, is not appropriately presented for our review (*see* CPLR 5501 [a] [3]).

Peters, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.